**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RODRICK SMITH,

Plaintiff,

v.

KIKIMOON FREDRICK, et al.,

Defendants.

Case No. 2:25-cv-10038
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

______________________________/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF EXHAUSTION (ECF NO. 22)**

**I. RECOMMENDATION**: The Could should **GRANT IN PART AND DENY IN PART** the Defendants' motion for summary judgment. (ECF No. 22). In particular, the Court should **GRANT** summary judgment for Defendants Belinda Cantu, Jessica Ramirez, and Tometta Wilds and **DENY** summary judgment for Defendant Kikimoon Frederick.

**II. REPORT**:

**A. Background**

Plaintiff Rodrick Smith, Jr., a state prisoner, initiated this action on January 6, 2025, in the Eastern District of Michigan while housed at Central Michigan Correction Facility in St. Louis, Michigan. (ECF No. 1, PageID.1-2). Specifically,

Plaintiff brought suit against Defendants Kikimoon Fredrick, Belinda Cantu, Tometta Wilds, Jessica Ramirez, Heidi Washington, and, generally, "Health Care Services Staff," all in their official and personal capacities, alleging cruel and unusual punishment, failure to protect, failure to provide appropriate medical care, gross negligence, intentional infliction of emotional distress, due process and equal protection violations, OSHA violations, and failure to abide ServSafe food service standards, as well as deliberate indifference for failing to properly train and supervise him in the use of a "Hobart" food processing machine, which he alleges ultimately resulted in an injury to his finger that caused "nerve damage and ulnar neuropathy." (*Id.* at PageID.2-4, 20-22).

On July 7, 2025, Judge Linda V. Parker issued an order terminating Defendants Heidi Washington and Health Care Staff from this action, dismissing all monetary claims brought against Defendants Fredericks, Cantu, Wilds, and Ramirez in their official capacities due to their Eleventh Amendment immunity, and finding that "Mr. Smith's Eighth Amendment gross negligence and intentional infliction of emotional distress claims for failure to protect him and provide a safe working environment against Defendants Fredericks, C[a]ntu, Wilds, and Ramirez, construed liberally, state potential and plausible claims for relief in this case." (ECF No. 10, PageID.113-114).

Judge Parker referred this case to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 17, PageID.136). On January 2, 2026, Defendants filed a motion for summary judgment on the basis of exhaustion. (ECF No. 22). The motion has been fully briefed. (ECF Nos. 22, 24, & 25).

**B. Standard**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] A fact is material if it might affect the outcome of the case under governing law. *Anderson*, 477 U.S. at 249 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

[1] Although Defendants title their motion as a motion to dismiss and for summary judgment, their motion relies solely on Fed. R. Civ. P. 56. It is unclear why they persist in alternatively styling such exhaustion-based motions as motions to dismiss," particularly when a "summary judgment motion is especially well suited to pretrial adjudication of an exhaustion defense, because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Accordingly, the Court should analyze Defendants motion under Rule 56.

"The moving party has the initial burden of proving that no genuine issue of material fact exists…." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Moreover, "the mere existence of a scintilla of evidence that supports the nonmoving party's claims is insufficient to defeat summary judgment." *Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006) (internal quotations and citations omitted).

Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. *City Management Corp. v. United States Chem. Co.*, 43 F.3d 244, 254 (6th Cir. 1994). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case…." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The fact that Plaintiff is *pro se* does not lessen his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, … 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

**C. Discussion**

**1. Allegations in the Complaint**

Plaintiff asserts that Defendant Wilds directed him to use a "Hobart" food processing machine to slice potatoes. (ECF No. 1, (PageID.8). He "didn't refuse in fear of receiving a misconduct and being fired from my detail." (*Id.*). Shortly after beginning, a potato became stuck in the Hobart machine. (*Id.*). Plaintiff reached into the machine to free the potato and injured his finger, which ultimately resulted in "nerve damage and ulnar neuropathy." (ECF No. 1, PageID.2-4, 8). Plaintiff reported his injuries to Defendants Wilds and Ramirez, who sent him to Defendant Cantu, who in turn referred him to Health Care. (ECF No. 22-3, PageID.190).

Plaintiff claims that Food Service Director Defendant Fredricks failed to train him in the proper operation of the Hobart machine, in dereliction of her job duties. (ECF No. 1, PageID.17). He alleges his injuries resulted from this failure, and that such failure amounted to deliberate indifference. (*See* ECF No. 1, PageID.5). As to Defendants Cantu, Ramirez, and Wilds, Plaintiff asserts they also "failed [their] duties to train and supervise [him], ... failed to ensure [his] health and safety, [and] … failed to protect [him]." (*Id.* at PageID.17-18).

Plaintiff asserts that he has exhausted the grievance process for these claims. (ECF No. 1, PageID.12).

**2. Failure to exhaust and PLRA cases**

Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e *et seq*., a prisoner may not bring an action "with respect to prison conditions under section 1983 of this title, or any other Federal law … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress enacted the provision to address the "outsized share" of prisoner litigation filings and to ensure that "the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit." *Jones v. Bock*, 549 U.S. 199, 203-04 (2007). Put another way, the purpose of § 1997e(a) is to "reduce the quantity and improve the quality of prisoner suits[.]" *Porter v. Nussle*, 534 U.S. 516, 524 (2002). In addition, exhaustion "gives an agency an opportunity to

correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal quotation marks and citation omitted).

The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and … inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. As such, defendants bear the burden of proof on exhaustion. *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012) ("A PLRA defendant bears the burden of proving that a PLRA plaintiff has not exhausted his administrative remedies.").

"Once an affirmative defense is asserted, it may be adjudicated at any point in the development of a lawsuit that the rules of procedure allow. As the *Jones* Court noted, because a plaintiff need not anticipate or plead around an exhaustion defense, that defense usually may not be addressed in a motion under Rule 12(b)(6) for failure to state a claim." *Anderson v. Jutzy*, 175 F. Supp. 3d 781, 786 (E.D. Mich. 2016) (Lawson, J., adopting in part report and recommendation of Whalen, M.J.) (citing *Jones*, 549 U.S. at 215). To the extent the record permits, the Court addresses whether a prisoner has exhausted administrative remedies under Federal Rule of Civil Procedure 56. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc); *see also Melton v. Michigan Corr. Comm'n,* No. 07–

15480, 2009 WL 722688, at *6 (E.D. Mich. Mar. 17, 2009) (resolving failure to exhaust administrative remedies in a motion for summary judgment). As noted in footnote 1, "[t]he summary judgment motion is especially well suited to pretrial adjudication of an exhaustion defense, because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence." *Anderson*, 175 F. Supp. 3d at 787.

### 3. Analysis

#### a. Plaintiff's Grievances

Pursuant to MDOC Policy Directive ("PD") 03.02.130 ¶ W, "PRISONER/PAROLEE GRIEVANCES," (eff. Sept. 25, 2023), to submit a grievance, the prisoner must first "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue." (ECF No. 22-2, PageID.178). However, the grievant need not attempt to resolve the issue if "prevented by circumstances beyond their control or *if the issue is believed to fall within the jurisdiction of Internal Affairs*." (*Id*) (emphasis added). He may instead proceed to submit a Step I grievance (*Id.* at PageID.176-77 ¶ P(4)), which may be rejected for, *inter alia*, failure to attempt to resolve. (*Id.* at PageID.179 ¶ CC). A grievant may appeal a rejection through Step II and Step III, and a claim is not exhausted until he has done so. (*Id.* at PageID.176 ¶ O).

Defendants have submitted Plaintiff's Step III Grievance Report, which is authenticated by Carolyn Nelson. (ECF No. 22-2, PageID.183-84). The report shows grievance JCS-24-10-0506-28 ("JCS 506") was pursued through Step III. In JCS 506, Plaintiff explained how he injured his finger and stated that he "reported [his] issue to Mrs. Ramirez and Ms. Wilds, and they sent [him] to Ms. Cantu, who advised that [he] seek medical attention." (ECF No. 22-3, PageID.190). He concluded that "[t]his all happened because [he] wasn't properly trained to use this equipment," and alleged that "FSD Fredrick [*sic.*], as well as all other Food Stewards, are in violation of State Law, as well as MDOC work rules 5, 13, 27, 32, 33, 47 and 53." (*Id.*). Plaintiff does not describe, in particular terms, how Defendants Cantu, Ramirez, or Wilds are "in violation of State Law, as well as MDOC work rules," and he does not attribute to them any acts or omissions that might rightly be called misconduct. *See* (*Id.*). Indeed, only Defendant Frederick is explicitly accused of wrongful conduct: "FSD Fredricks … [is] in violation of State Law…." (*Id.*).

MDOC never assessed the merits of these claims because of an alleged procedural defect in Plaintiffs grievance. At the top of the Step I grievance form, the grievant is asked whether they attempted to resolve the issue prior to writing the grievance, and, if not, to explain why. (*Id.*). There, Plaintiff stated that he "made no attempt to resolve this issue because [he] didn't know the issue existed

until now." (ECF No. 22-3, PageID.190). He additionally asserted that, under PD 03.02.130, not every grievance requires an attempt to resolve. (*Id.*). The Grievance Coordinator rejected Plaintiff's Step I grievance for failure to attempt to resolve. (ECF No. 22-3, PageID.191). At Step II, he relied on language from PD 03.02.130, arguing that rejection at Step I was improper because he was "prevented by circumstances beyond [his] control" and "because this issue falls within the jurisdiction of Internal Affairs …." (*Id.* at PageID.188). The Warden denied his appeal. (*Id.* at PageID.189). At Step III, Plaintiff elaborated: rejection was improper because the issue was "beyond [his] control" in that it alleged work rule violations and thus fell within Internal Affairs' jurisdiction. (*Id.* at PageID.188). Nevertheless, the Grievance Section upheld the Step I and Step II rejections at Step III. (*Id.* at PageID.187).

**b. Grievance Exhaustion**

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. The prison's grievance process determines when a prisoner has properly exhausted his or her claim. *Id*. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). Thus, the PLRA requires not only exhaustion, but *proper*

exhaustion. *See Woodford*, 548 U.S. at 92 (concluding that if a prisoner fails to file a procedurally proper grievance, he fails to satisfy the PLRA's exhaustion requirement).

Defendants move for summary judgment for failure to properly exhaust on two bases. First, Defendants contend that the grievance does not adequately identify Defendants as the subject of the grievance. (ECF No. 22, PageID.169). Second, Defendants argue rejection was not improper because Plaintiff failed to attempt to resolve his issue with the appropriate staff prior to filing his Step I grievance. (ECF No. 22, PageID.169-170). Both of these arguments are evaluated in turn.

**i. Identification of Defendants Cantu, Wilds, and Ramirez**

Plaintiff's Step I grievance alleges:

> … I was using the slicer to prepare potatoes[] while working in the JCS chow hall. A potato became stuck, so I reached down to free it. As a result, my left ring finger was sliced into by the blade, slicing into the actual nail of this finger. I reported the issue to Mrs. Ramirez and Ms. Wilds, and they send me to Mrs. Cantu, who advised that I seek medical attention. This all happened because I wasn't properly trained to use this equipment…. At no point have I been trained to use equipment related to this detail… FSD Fredrick, as well as all other Food Stewards, are in violation of State Law, as well as MDOC work rules 5, 13, 27, 32, 33, 47 and 53….

(ECF No. 22-3, PageID.190).

A grievance adequately identifies a defendant if it "g[i]ve[s] prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *McCloy v. Corr. Med. Servs.*, 794 F. Supp. 2d 743, 749 (E.D. Mich. 2011) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (internal quotation marks and citation omitted); *see also Savoie v. Oliver*, 731 F. Supp. 3d 862, 873 (E.D. Mich. 2024), *motion for relief from judgment denied*, No. 2:23-CV-11357, 2025 WL 1431440 (E.D. Mich. May 19, 2025) (internal quotations and citations omitted) ("generic references to defendants in a grievance d[o] not satisfy exhaustion because those references fail[] to describe the defendants' involvement and [to] provide notice of the allegations.").

The Court should agree with Defendants that Plaintiff's grievance fails to adequately identify Defendants Cantu, Ramirez, or Wilds *as the subject of the grievance*. To exhaust a claim against a defendant, a grievance must describe "the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *McCloy*, 794 F. Supp. 2d at 749. Here, the Defendants' alleged misconduct is a failure to properly train and supervise. (ECF No. 1, PageID.17-18). However, Plaintiff's grievance never explicitly alleges Defendants Cantu, Ramirez, or Wilds failed to train or supervise him. *See* (ECF No. 22-3, PageID.190). Instead, the sole explicit

reference to Defendants is to describe to whom Plaintiff initially reported his injury. (*Id.*). The only other reference to these defendants is the allegation that "all … Food Stewards[] are in violation of State Law, as well as MDOC work rules…." (*Id*). This claim is far too generic to provide fair notice of Plaintiff's alleged failure to train and supervise. *See Savoie*, 731 F. Supp. 3d at 873, *motion for relief from judgment denied*, No. 2:23-CV-11357, 2025 WL 1431440 ("generic references to defendants in a grievance d[o] not satisfy exhaustion because those references fail[] to describe the defendants' involvement and [to] provide notice of the allegations."). Accordingly, the Court should find the deliberate indifference claims against Defendants Cantu, Ramirez, and Wilds are unexhausted and grant Defendants' motion for summary judgment with respect to these defendants.

**ii. Identification of Defendant Frederick**

As for Defendant Frederick, the Court should find that summary judgment for failure to properly identify the subject of the grievance is improper. Plaintiff's grievance clearly attributes his injuries to his not being "trained to use equipment related to [his] job detail." (ECF No. 22-3, PageID.190). Then, in the very next sentence, Plaintiff asserts that "FSD Fredericks [*sic.*] … is in violation of State Law, and MDOC work rules…." (*Id.*). The Court should draw the inference that Plaintiff was alleging Defendant Frederick's failure to ensure Plaintiff was trained to safely operate the slicer amounted to misconduct (in the grievance, a "violation

of State Law[] and MDOC work rules.”). *(Id.)*; *see Pure Tech Sys., Inc.*, 95 F. App’x at 135 (the Court “views … any inferences that may be drawn from the facts [alleged] in the light most favorable to the nonmoving party”) (internal citations omitted). That same alleged misconduct forms the basis of Plaintiff’s deliberate indifference claims. (ECF No. 1, PageID.17-18). Thus, the grievance adequately put Defendant on notice of the allegations supporting the instant claim, and summary judgment for failing to identify Defendant Frederick as the subject of the grievance is improper.

**iii. MDOC’s rejection of Plaintiff’s grievance was improper because Plaintiff reasonably believed the issue fell within the jurisdiction of Internal Affairs**

Under PD 03.02.130 ¶ W, a grievant must “attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievance issue.” (ECF No. 22-2, PageID.179). If the grievant fails to do so, the grievance may be rejected, but not “if the issue is *believed* to fall within the jurisdiction of Internal Affairs.” (*Id.*) (emphasis added). If he hopes to avoid the “attempt to resolve” requirement, a grievant’s belief that a matter falls within Internal Affairs’ jurisdiction must be reasonable. *See Brown v. Warchock, No. 21-11423*, 2022 WL 17682628, at *6 (E.D. Mich. Dec. 14, 2022) (Michelson, J.) (“the Court reads the [‘believed to fall within the jurisdiction of Internal Affairs’] language as including some element of reasonableness”). The reasonableness of a

belief is "a question of fact because an improper rejection would constitute exhaustion." *See Bailey v. Mich. Dep't of Corr., No. 2:19-cv-13442*, 2020 WL 4934314, at *5 (E.D. Mich. Aug. 24, 2020) (internal citations and quotations omitted) (holding that improper rejection of a grievance as vague or illegible would constitute exhaustion). Thus, to prevail on summary judgment, Defendant Frederick must show that no reasonable jury would find Plaintiff's belief was reasonable. *Savoie*, 731 F. Supp. 3d at 871-72 (E.D. Mich. 2024) (internal citations omitted). For the reasons set forth below, Defendant cannot clear this high bar.

In his grievance, Plaintiff alleges Defendant Frederick was "in violation of MDOC work rules 5, 13, 27, 32, 33, 47 and 53." (ECF No. 22-3, PageID.190). Work Rules 5, 13, 32, 33, 47, and 53 are all either rescinded or obviously do not apply. *See* MICH. DEP'T OF CORR., EMP. HANDBOOK 31-33, 36, 47, 50, 59-60. (Eff. Oct. 1, 2025). https://www.mco-seiu.org/wp-content/uploads/2025/08/MDOC-Employee-Handbook-FINAL-10.01.25.pdf. (Last visited Aug. 2, 2026). However, a reasonable jury could find that Work Rule 27, "Dereliction of Duty," (*id.* at 45), does apply.

Work Rule 27 provides that "[a]n action or omission by an employee indicating neglect of his/her job duties, including but not limited to the safe and proper care and control of offenders, will be considered dereliction of duty." (*Id.*). Plaintiff submits with his Complaint Cooper Street Correctional Facility Operation

Procedure ("Fac. Op. Proc.") 04.07.101, "OCCUPATIONAL SAFETY AND HEALTH." (ECF No. 1, PageID.44-48). Per ¶ S of that document, a prisoner may operate equipment related to their employment only after "[s]upervisors [have] ensure[d] that all employees and prisoner workers in their respective area have received orientation and training to safely operate any assigned equipment." (*Id.* at PageID.47 ¶ S). As a Food Service Director, (ECF. No. 22, PageID.157), Defendant Frederick is presumably a "supervisor" for purposes of Fac. Op. Proc. 04.07.101 ¶ S. Thus, her alleged failure to ensure Plaintiff had been trained to safely operate the slicer would constitute "[a]n … omission … indicating neglect of []her job duties" in violation of Work Rule 27. *See* MICH. DEP'T OF CORR., EMP. HANDBOOK 45. Internal Affairs' jurisdiction includes "discriminatory harassment allegations, PREA-category allegations[,] employee drug/alcohol positive test results," *and "work rule violation[s]*." (ECF No. 25, PageID.201; ECF No. 25-2, PageID.207 ¶¶ I, K (emphasis added)). Therefore, a reasonable jury could find Plaintiff's belief that the subject of his grievance, an alleged work rule violation, fell within Internal Affairs' jurisdiction was reasonable, thereby excusing him from PD 03.02.130 ¶ W's "attempt to resolve" requirement and making rejection improper. *See Bailey*, 2020 WL 4934314, at * 5. Accordingly, the Court should find the claims against Defendant Frederick are exhausted and deny summary judgment with respect to that defendant.

**D. Conclusion**

With respect to Defendants Cantu, Wilds, and Ramirez, the Court should find Plaintiff's claims are unexhausted and **GRANT** summary judgment because Plaintiff's grievance failed to put them on notice as to the alleged misconduct forming the basis of the claims now pending against them.

Conversely, the Court should find that Plaintiff's claims against Defendant Frederick are exhausted and **DENY** summary judgment because the grievance: (1) put her on notice of the alleged misconduct forming the basis of the deliberate indifference claim now pending against her; and, (2) a reasonable jury could find that rejection for failure to attempt to resolve the dispute with the staff member involved was improper, for on this record, Plaintiff could reasonably have believed Defendant Frederick's alleged failure to train Plaintiff in the safe operation of the slicer constituted a dereliction of her job duties in violation of Work Rule 27, which would bring the claim within the jurisdiction of Internal Affairs and excuse Plaintiff from the "attempt to resolve" requirement.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within **14 days** of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas*

*v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than **14 days** after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: August 6, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE